UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEAN K. BUFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-2506 PLC |
| | ) |
| DORIS FALKENRATH, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Sean K. Buford's Motion to Alter or Amend Judgment or, in the Alternative, for a Certificate of Appealability [ECF No. 31] with respect to the Court's denial of his Petition for Writ of Habeas Corpus [ECF Nos. 1, 29, 30]. Petitioner filed his motion pursuant to Federal Rule of Civil Procedure 59(e), which allows a party to seek to alter or amend a judgment within 28 days after the entry of the judgment.[1]

Petitioner asserts the Court erred in finding Ground Five was procedurally defaulted because the Court: (1) applied a stricter standard than required in rejecting his underlying claim of ineffective assistance of trial counsel as insubstantial or without merit; (2) incorrectly evaluated post-conviction counsel's performance under the "appellate counsel standard" of ineffective assistance of counsel; and (3) the Court erroneously required Petitioner to

---

[1] Rule 59(e) was adopted to provide the district court with the power "'to rectify its own mistakes in the period immediately following' its decision." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (quoting White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982)). Rule 59(e) motions are used to correct "manifest errors of law or fact, or to present newly discovered evidence." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal citation omitted). Relief pursuant to this rule is subject to a court's broad discretion. Briscoe v. Cty. of St. Louis, Mo., 690 F.3d 1004, 1015 (8th Cir. 2012).

1

demonstrate prejudice under Strickland v. Washington, 466 U.S. 668 (1984) on his claim of ineffective assistance of post-conviction counsel under Martinez v. Ryan, 566 U.S. 1 (2012). Additionally, Petitioner argues that he is entitled to: (1) a certificate of appealability on Ground Five because reasonable jurists disagree on whether post-conviction counsel's performance is evaluated under either the "trial counsel standard" or the "appellate counsel standard" of ineffective assistance of counsel; and (2) an evidentiary hearing to develop his claim of error on Ground Five.[2] Respondent did not file a response. Because Petitioner does not demonstrate a manifest error of law or fact, present newly discovered evidence, or make a substantial showing of the denial of a constitutional right, the Court denies Petitioner's motion to alter or amend the judgment and his alternative motion for a certificate of appealability.

I. DISCUSSION

    A. The Court did not err by applying a stricter standard than required in rejecting his underlying claim of ineffective assistance of trial counsel as insubstantial.

Petitioner claims the Court misapplied Martinez, 566 U.S. 1, when it held Ground Five of the habeas petition was procedurally defaulted. Specifically, Petitioner contends the Court erred by applying an overly strict standard in rejecting his underlying claim of ineffective assistance of trial counsel as insubstantial because this Court conducted an "analysis of the merits" of the claim. Petitioner asserts the Court should not "perform a full merits review[,]" but instead should review the underlying claim of ineffective assistance of trial counsel under a standard "akin to that for determining whether a certificate of appealability should be issued."

---

[2] In his motion, Petitioner includes general requests that the Court alter or amend the judgment, or issue a certificate of appealability, on all the issues presented in his habeas petition. In his memorandum in support of his motion, Petitioner only presents arguments related to Ground Five. Because Petitioner has not presented the Court with any argument or support for his position that the Court should alter or amend the judgment or issue a certificate of appealability with respect to Grounds I through IV of the petition, his requests on those claims will be denied.

Under Martinez, ineffective assistance of post-conviction counsel may constitute cause to excuse a petitioner's procedural default of a claim based on post-conviction counsel's failure to properly raise a claim of ineffective trial counsel in state court when the state's collateral review proceeding was the initial review proceeding for an ineffective assistance of counsel claim. Martinez, 566 U.S. at 14.  Under this exception, the petitioner can overcome the procedural default of a claim if "(1) post-conviction counsel performed deficiently; (2) 'there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different'; and (3) the 'underlying ineffective-assistance-of-trial-counsel claim is a substantial one.'" Dickinson v. Shinn, 2 F.4th 851, 858 (9th Cir. 2021) (quoting Ramirez v. Ryan, 937 F.3d 1230, 1242 (9th Cir. 2019) (internal citations omitted), cert. granted sub nom. Shinn v. Ramirez, No. 20-1009, ⸺ U.S. ⸺, 141 S.Ct. 2620, 2021 WL 1951793 (U.S. May 17, 2021). To meet this narrow exception for establishing cause, the petitioner must demonstrate that post-conviction counsel was ineffective under the standards of Strickland. Martinez, 566 U.S. at 14; Buck v. Davis, 137 S.Ct. 759, 771 (2017).

In determining whether the underlying ineffective-assistance-of-trial-counsel claim is "substantial" under the third requirement, Martinez instructs "that the prisoner must demonstrate that the claim has some merit[,]" similar to the showing required for a certificate of appealability. Martinez, 566 U.S. at 14. (citing Miller–El v. Cockrell, 537 U.S. 322 (2003) for the standards for certificates of appealability to issue)).  In Buck, the United States Supreme Court held that while the petitioner's underlying ineffective-assistance-of counsel-claim is held to the Strickland standard, (Buck, 137 S. Ct. at 775-76), for purposes of a certificate of appealability the petitioner must only demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to

3

deserve encouragement to proceed further." Buck, 137 S. Ct. at 773 (citing Miller-El, 537 U.S. at 327). The Supreme Court explained that this threshold inquiry "is not coextensive with a merit analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" Id. citing Miller-El, 537 U.S. at 336.

Petitioner contends the Court erred in finding his ineffective-assistance-of-trial-counsel claim was procedurally barred because the Court conducted an "analysis of the merits" in contravention of the dictates of Beck and Martinez. Petitioner's claim misstates the Court's findings. In denying habeas relief, the Court specifically found that "[a]rguably, trial counsel's failure to seek dismissal of all seven counts on [the basis of double jeopardy] prior to Petitioner's second trial constitutes deficient representation." See Memorandum and Order, ECF No. 29, pg. 33. The Court's finding that Petitioner's procedural default was not excused under Martinez was based on Petitioner's failure to demonstrate that he received ineffective assistance of post-conviction counsel, not that his underlying claim of ineffective assistance of trial counsel was not substantial. See Memorandum and Order, ECF No. 29, pg. 35. Because Petitioner has not demonstrated that the Court made a manifest error of law in assessing, for purposes of Martinez, Petitioner's claim of ineffective assistance of trial counsel as presented in Ground Five of the habeas petition, the Court finds no basis to alter or amend its judgment denying Petitioner's 28 U.S.C. § 2254 petition on this basis.

B. The Court did not err by incorrectly evaluating post-conviction counsel's performance under the "appellate counsel standard" of ineffective assistance of counsel.

Petitioner claims the Court erred in finding Ground Five of the habeas petition was procedurally defaulted because the Court incorrectly evaluated post-conviction counsel's performance under the "appellate counsel standard" of ineffective assistance of counsel. Specifically, Petitioner asserts the Court erroneously relied upon the Eighth Circuit's decision in

4

Deck v. Jennings, 978 F.3d 578, 584 (8th Cir. 2020), which he characterizes as an application of the "appellate standard" for ineffective assistance of counsel. Citing cases from the Fifth and Eleventh Circuits, Trevino v. Davis, 829 F.3d 328, 347 (5th Cir. 2016), and Sullivan v. Sec'y, Fla. Dept. of Corr., 837 F.3d 1195, 1204-1207 (11th Cir. 2016), Petitioner asserts that "post-conviction counsel's effectiveness under Martinez must be measured against the trial-counsel standard" and that each ground post-conviction counsel omitted from the petition should be considered "without any reference to its relative strength to other claims in the post-conviction petition, to determine whether it was 'substantial' within the lenient [certificate of appealability] standard."

Petitioner's argument that there are different "standards" for reviewing ineffective assistance of counsel claims, one for trial counsel and one for appellate counsel, is not well taken. To the contrary, all claims of ineffective assistance of counsel are analyzed under the Strickland standard. See Evitts v. Lucey, 469 U.S. 387, 395 (1985) (Strickland provides "the standards to be used in assessing claims that trial counsel failed to provide effective representation."); Smith v. Murray, 477 U.S. 527, 535-36 (1986) (applying Strickland to claim of attorney error on appeal). See also Williams v. Taylor, 529 U.S. 362, 391 (2000) (Except in limited circumstances, the "Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims" and the fact "[t]hat the Strickland test 'of necessity requires a case-by-case examination of the evidence,' Wright, 505 U.S. [277, 308 (1992)] (KENNEDY, J., concurring in judgment), obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established' by this Court.").

Deck, Trevino, and Sullivan are consistent with the above principle. In each of those cases, the court applied the Strickland standard to the petitioner's claim of ineffective assistance

5

of post-conviction counsel. See Deck, 978 F.3d at 584 ("…we cannot say that postconviction counsel's 'performance fell [outside] "the wide range of professionally competent assistance."'") (quoting Fields v. United States, 201 F.3d 1025, 1027–28 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 690)); Trevino, 829 F.3d at 348-49 (state habeas counsel is "subject to the same Strickland requirement [as trial counsel] to perform some minimum investigation prior to bringing the initial state habeas petition[.]"); Sullivan, 837 F.3d at 1204 (the petitioner was required to meet the Strickland standard to establish that post-conviction counsel's failure to raise a claim constituted unconstitutionally ineffective assistance). The only difference among these cases is each court's respective application of the Strickland standard to the facts before it. Trevino, 829 F.3d at 347-49, and Sullivan, 837 F.3d at 1203-07, considered whether post-conviction counsel was ineffective for failing to conduct an adequate investigation into a potential issue, a task traditionally performed by trial counsel. In contrast, Deck, 978 F.3d at 583-84, determined whether post-conviction counsel was ineffective in his selection of claims of error, a task traditionally within the realm of appellate counsel.

Furthermore, contrary to Petitioner's assertion, it is appropriate for a court to consider the relative strength of claims not raised when assessing counsel's performance. See Deck, 978 F.3d at 584 (quoting Davila v. Davis, 137 S. Ct. 2058, 2067 (2017) ("[d]eclining to raise a claim ... is not deficient performance unless that claim was plainly stronger than those actually presented" in holding that post-conviction counsel's selection of claims to raise was not deficient performance)). Because Petitioner has not demonstrated that the Court made a manifest error of law in assessing his claim of ineffective assistance of post-conviction counsel under Martinez, the Court finds no basis to alter or amend its judgment denying Petitioner's 28 U.S.C. § 2254 petition on this basis.

C. <u>The Court did not err by requiring Petitioner to demonstrate prejudice under *Strickland* on his claim of ineffective assistance of post-conviction counsel.</u>

As part of his argument that the Court erred in applying the "appellate counsel standard" when evaluating post-conviction counsel's performance, as addressed in the previous section, Petitioner asserts as follows:

> The Fifth and Eleventh Circuits have concluded, for sound and persuasive reasons, that post-conviction counsel's effectiveness under <u>Martinez</u> must be measured against the trial-counsel standard. See e.g.[,] <u>Trevino v. Davis</u>, 829 F.3d 328, 347 (5th Cir. 2016); <u>Sullivan v. Sec'y, Fla. Dept. of Corr.</u>, 837 F.3d 1195, 1204-1207 (11th Cir. 2016). The approach of the Fifth and Eleven Circuits is supported by the holding of the Ninth Circuit in <u>Detrich v. Ryan</u>, 740 F.3d 1237, 1245-46 (9th Cir. 2013). There, the court held that if post-conviction counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel, the petitioner need not show <u>Strickland</u> prejudice but need only show that the claim was "substantial," clearly a lesser standard. The court held that a claim was insubstantial only if "it does not have any merit or…is wholly without factual support." <u>Id.</u> at 1245 (quoting <u>Martinez</u>, 566 U.S. at 16). Neither <u>Trevino</u>, <u>Sullivan</u>, nor <u>Detrich</u> compared the omitted issues to the issues actually raised in the post-conviction pleadings as part of the ineffectiveness of post-conviction counsel analysis. Rather they considered each omitted ground, without any reference to its relative strength to other claims in that post-conviction petition, to determine whether it was "substantial" within the lenient COA standard.

The Court presumes that Petitioner's citation to <u>Detrich</u> is an attempt to present an argument that the Court erred by requiring him to demonstrate prejudice under <u>Strickland</u> when evaluating post-conviction counsel's performance for purposes of <u>Martinez</u>. A review of <u>Detrich</u>, however, establishes that it does not assist Petitioner. <u>Detrich</u> was an en banc plurality decision with four separate opinions. <u>Detrich</u>, 740 F.3d 1237. The portion Petitioner cites to is a minority opinion. <u>Id.</u>, see <u>Clabourne v. Ryan</u>, 745 F.3d 362, 376 (9th Cir. 2014) (overruled on other grounds by <u>McKinney v. Ryan</u>, 813 F.3d 798, 818 (9th Cir. 2015)).  The majority of the panel rejected the proposition that a petitioner need not demonstrate actual prejudice resulting from post-conviction counsel's deficient performance. <u>Id.</u>, see <u>Clabourne</u>, 745 F.3d at 376. See also <u>Dickinson</u>, 2 F.4th at 858 (petitioner must demonstrate post-conviction counsel's deficient

7

performance prejudiced him under Strickland to overcome the procedural default of a claim under Martinez); Buck, 137 S. Ct. at 771 (holding Martinez requires, in part, a showing that post-conviction counsel was ineffective under the standards of Strickland). Because Petitioner does not demonstrate that the Court committed a manifest error of law, the Court finds no basis to alter or amend its judgment denying Petitioner's habeas petition.

    D.  Petitioner is not entitled to a certificate of appealability

Petitioner also contends that the Court erred in denying him a certificate of appealability on Ground Five because "reasonable jurists can and do differ" on the issue of whether post-conviction counsel's performance is evaluated using the "trial-counsel standard" or the "appellate-counsel standard." Specifically, Petitioner contends that the Eighth Circuit's holding in Deck conflicts with the holdings of the Fifth and Eleventh Circuits in Trevino and Sullivan, thus demonstrating that the issue is debatable. Petitioner asserts that doubts as to whether to issue a certificate of appealability should be resolved in his favor.

A habeas petitioner is entitled to a certificate of appealability if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Buck, 137 S. Ct. at 773. To do so, the petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n. 4 (1983) (internal quotations omitted)); see also Buck, 137 S. Ct. at 773.

When a claim has been procedurally defaulted, the Court considers the following guidelines in determining whether a certificate of appealability should be granted:

> 1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the

8

substantive constitutional claims the certificate should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

Langley v. Norris, 465 F.3d 861, 863 (8th Cir. 2006) (citing Khaimov v. Crist, 297 F.3d 783, 786 (8th Cir. 2002)).

With respect to Ground Five, the Court found Petitioner failed to establish cause and, therefore, his claim was clearly procedurally defaulted. Furthermore, as already discussed in this memorandum and order, Petitioner's claims that the circuit courts utilize different "standards" for assessing claims of ineffective assistance of counsel and that Deck is inconsistent with Trevino and Sullivan, are not well taken. The Court does not find these issues are debatable among "jurists of reason," nor does the Court find doubt as to whether a certificate of appealability should be granted. Petitioner failed to make a "substantial showing of the denial of a constitutional right" as required by § 2253(c)(2) and is not entitled to a certificate of appealability.

  E. <u>Petitioner is not entitled to an evidentiary hearing to develop his claims of error.</u>

Finally, Petitioner contends the Court should conduct an evidentiary hearing to determine the merits of Ground Five because "[w]hen the correct standard of ineffective assistance of counsel is applied to post-conviction counsel['s] performance and absent a full merit review of these grounds for relief, [Petitioner] has demonstrated that [it is] substantial [and] deserving of an evidentiary hearing." Because the Court applied the correct standard in reviewing Petitioner's Ground Five, Petitioner's request for an evidentiary hearing will be denied.

**II. CONCLUSION**

After careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment or, in the Alternative, for a Certificate of Appealability [ECF No. 31] is DENIED.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of December, 2021